SUMMARY ORDER

Petitioner Bao Yuei Chen petitions for review of a September 2004 order of the BIA summarily affirming the order of Immigration Judge Margaret McManus (the “IJ”) denying her application for asylum, withholding of removal, and relief under the CAT. We assume the parties’ familiarity with the facts in this case, the relevant procedural history, and the issues on appeal.
This Court reviews the factual findings of the. BIA under the substantial evidence standard, under which “a finding will stand if it is supported by reasonable, substantial, and probative evidence in the record when considered as a whole.” Secaida-Rosales v. INS, 331 F.3d 297, 306-07 (2d Cir.2003) (internal citations and quotation marks omitted). Where, as here, the BIA summarily adopted the IJ’s decision, this Court reviews the decision of the IJ directly. See, e.g., Chun Gao v. Gonzales, 424 F.3d 122, 124 (2d Cir.2005).
In Hong Ying Gao v. Gonzales, 440 F.3d 62 (2d Cir.2006), this Court held that a person may win asylum on the basis of a well-founded fear of forced marriage where he or she establishes “a nexus between the persecution she fears and the ‘particular social group’ to which she belongs.” Id. at 71. This Court stated that Gao’s social group consisted of women who had been sold into marriage and who lived in a region where forced marriages are considered valid and enforceable; this Court also stated that “lifelong, involuntary marriage” on account of membership in that group constitutes persecution. Id. at 70.
Here, the IJ credited Chen’s testimony that she had been coerced to agree to marry the village head’s daughter by threats to Chen’s grandmother and acknowledged that Chen may have had a well-founded fear of persecution at the time of her forced engagement. The IJ then found that the marriage itself, as distinct from the engagement, would not be coerced by the village head because Chen’s grandmother died before the wedding was to have occurred. Chen, however, testified that she feared being returned to China, where she believed she would be arrested and forced to go through with the marriage. Chen further testified that the village head, in connection with the planned marriage, had threatened her parents with detention if they were not careful. Although the IJ stated repeatedly that she found Chen credible, she provided no reason to disregard these portions of Chen’s testimony. The IJ’s conclusion that Chen no longer had a well-founded fear of future persecution after her grandmother’s death is therefore not supported by the record. Because the IJ’s denials of asylum and withholding of removal rested solely on this conclusion, neither decision is supported by substantial evidence. A remand is appropriate for this reason and for the BIA to consider in the first instance whether, in light of Hong Ying Gao, Chen is a member of a particular social group and faces forced marriage on account of her membership in that group. Chen has not demonstrated, however, that it is more likely than not that she will be tortured upon her return to China, and her petition for review as to her CAT claim is therefore DENIED.
For the foregoing reasons, the petition for review is GRANTED as to the asylum and withholding of removal claims, and the case is REMANDED to the BIA for further proceedings consistent with this or *494 der. The pending motion for a stay of removal is DENIED as moot.